*In re* WATSON'S ESTATE.

WATSON *v.* WATSON.

1. WILLS—MENTAL COMPETENCY—EVIDENCE.
   Where testator had no mental disease, but was suffering from injuries received in automobile accident which resulted in his death 48 hours later, there was no error in excluding cross-examination as to his mental condition about eight hours after executing his will at a time when the evidence shows he was fully conscious and mentally competent to make it, since his condition at later time could not weaken or even tend to contradict positive evidence of his mental competency eight hours earlier; rule in cases involving mental disease having no application.

2. APPEAL AND ERROR—INSTRUCTIONS—QUESTIONS CONSIDERED.
   Supreme Court, in reviewing instruction of trial court, and in determining whether there was reversible error therein, may consider, not only issue as claimed, but, as well, issue in fact presented.

3. WILLS — TRIAL — MENTAL COMPETENCY — INSTRUCTIONS — ISSUES PRESENTED.
   Instruction that it was incumbent upon contestants to show that "claimed temporary" condition of coma or unconsciousness of

testator was operating at time will was made, *held*, not reversible error, as against contestants' objection that their claim was that coma or unconsciousness was continuing condition from time of accident till death, in view of previous instruction correctly submitting said issue as presented by proofs.

Error to Wayne; Martin (W. H.), J., presiding. Submitted June 19, 1929. (Docket No. 123, Calendar No. 34,438.) Decided September 4, 1929.

Hilda Gertrude Watson presented for probate the last will of Dr. Clarence E. Watson, deceased. John H. Watson and others, heirs at law of deceased, filed objections. Upon certification to the circuit court judgment was had for proponent. Contestants bring error. Affirmed.

*Payne & Payne* (*Edmund E. Shepherd*, of counsel), for proponent.

*Stevenson, Butzel, Eaman & Long* (*Rockwell T. Gust* and *Victor W. Klein*, of counsel), for contestants.

WIEST, J. Heirs at law of Clarence E. Watson, deceased, contest probate of his purported will on the ground that at the time of the execution thereof he was mentally incompetent. The issue was submitted to a jury in the circuit court and verdict and judgment thereon sustained the will. Contestants, by writ of error, bring rulings and instructions to our review.

Clarence E. Watson, testator, was 53 years of age, a practicing physician in the city of Detroit, well to do, had no issue, had been married about a year at the time of his death, had a brother, also a physician in the city of Detroit, and two sisters and his father

in Canada. August 1, 1927, accompanied by his wife and step-daughter, Dr. Watson was upon a trip, by automobile, to visit his relatives in Canada, and, near Chatham, Ontario, about 10 o'clock in the forenoon of that day, the automobile overturned, pinned him down and he received severe injuries causing his death 48 hours later. The step-daughter was also injured and died two hours after the accident. Mrs. Watson escaped injury. Dr. Watson was at once taken to a hospital in Chatham, given medical attention, and his brother and physicians from Detroit came to the hospital. August 2d, the day after the accident, testator expressed the desire to make his will, and a barrister residing in Chatham visited him at the hospital, received from him instructions, prepared the will, and testator executed it about 4:30 p. m. At that time testator was fully conscious and mentally competent to make the will, under the testimony of the barrister who prepared it, the local doctor in attendance, and the nurse. There was, however, testimony carrying the issue to the jury. The court excluded cross-examination of a doctor who saw testator at midnight on August 2d, or about eight hours after the will was executed, as to testator's mental and physical condition at that time. We do not think the point of much consequence. At midnight testator entered the semi-unconsciousness preceding his death the next morning. Testator had no mental disease. Instances involving mental disease, progressive or otherwise, do not rule the question here presented. The testator's state of unconsciousness or coma, eight hours after executing the will, and occasioned by physical injuries or medical palliatives, if any, could not weaken or even tend to contradict the positive evidence that he expressed the desire to make his will, requested that a barrister

be called, informed the barrister fully of his wishes, named the executor he desired, read the prepared will, requested his own pen with which to sign, and accepted and used another pen when his own could not be found. The testator's state of consciousness or his mental condition at the time he executed the will governed the issue presented, and there was no error in the ruling.

The court instructed the jury, in part, as follows:

"It is incumbent upon the contestant to show that the claimed temporary condition of coma, or unconsciousness of the testator, testified to by his brother, was operating at the time the will was made, and at the very time the will was executed. Now, should you find that during the last days of his life, while suffering the injuries from which he died, the testator, Clarence E. Watson, was subject to periods of coma or semi-coma, or unconsciousness, and you believe the testimony of the brother, Dr. Watson, to this effect, but you should find that later the testator sent for a solicitor, upon the arrival of the attorney instructed him as to the disposition of his property after death, had the will read to him, insisted upon reading it himself, discussed what pen he should use to sign it, and did sign it in the presence of witnesses, and you believe such witnesses, then it is your duty to overrule the contestant's objections to the will and to allow the instrument presented as the last will and testament of the testator."

Counsel for contestants contend that:

"This is an improper and unfair statement of our claim, and an improper comment and characterization of the testimony of Dr. Watson. It was not our contention that the coma was a temporary condition, but it was our claim that the testator was in a coma which commenced before the execution of the will and continued up to the moment of death."

The fault urged is in the statement by the court that contestants claimed temporary coma or unconsciousness of testator when, in fact, they claimed a continuing condition of coma or unconsciousness. In making review of the instruction we may, in determining whether there was reversible error, not only consider the issue, as claimed, but as well the issue, in fact, presented.

In a previous part of the instruction the court stated:

"In other words, the contestants claim that the deceased was mentally incompetent at the time and could not execute a valid will, owing to the effects of the accident upon his mind and memory. It is claimed by the contestants that the deceased was in a state of coma or semi-consciousness at the time and did not fully know what he was doing."

We think the instructions in line with the issue presented by the proofs. We have not overlooked the testimony of testator's brother, and his opinion, as a physician, of a continuing coma and consequent state of mental incompetency of the testator, but the trial court specifically directed attention thereto in the quoted instruction.

·We find no reversible error. Affirmed, with costs against contestants.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.